#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDDY BATRES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV-25-451-HE |
| ) | |
| OKLAHOMA CITY FEDERAL ) | |
| TRANSFER CENTER et al., ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

Petitioner Eddy Batres, a formerly incarcerated federal prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). Respondent has filed a Motion to Dismiss the Petition, seeking dismissal owing to mootness. (ECF No. 13). Mr. Batres has not filed a response. Following a review, the Court should find that the Motion should be granted and the Petition should be dismissed.

### I.   BACKGROUND

On April 18, 2025, while incarcerated at the Federal Transfer Center, Mr. Batres filed a habeas Petition under 28 U.S.C. § 2241, challenging the computation of his federal sentence and requesting that the Court apply credits under the "First Step Act" "so that he could be released[.]" (ECF No. 1:8). On August 18, 2025, Respondent filed a Motion to Dismiss, requesting dismissal of the Petition, arguing that Petitioner's release from federal custody has rendered his Petition moot. (ECF No. 13). In doing so, Respondent has filed proof that Mr. Batres has been awarded the credits he sought, has been released, and is no longer in federal custody. *See* ECF Nos. 13-1, 13-2.

**II.    STANDARD OF REVIEW FOR RESPONDENT'S MOTION TO DISMISS**

As stated, Respondent has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), and brief in support arguing, in part, a lack of jurisdiction because Mr. Batres is not "in custody" for purposes of 28 U.S.C. § 2241. *See* ECF No. 13. Even though Respondent moves to dismiss, it is Petitioner's burden to establish jurisdiction. *See, e.g., Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) ("The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." (internal quotation marks omitted)); *U.S. ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999) ("If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence.").

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) makes either a "facial" or "factual" attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack "questions the sufficiency of the complaint," and the Court "must accept the allegations in the complaint as true." *Id.* A party making a factual attack "may go beyond the allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* Thus, when a party makes a factual attack, the court may not "presume the truthfulness of the complaint's factual allegations" but has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* Respondent makes a factual attack because of the assertion that Petitioner is currently in custody and "illegally detained"—a fact

necessary to establish jurisdiction. As a result, the Court will consider the evidence presented to properly resolve the issue.

### III. DISMISSAL OF THE PETITION

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

A related prerequisite to the exercise of habeas jurisdiction under 28 U.S.C. § 2241 is that the petitioner be "in custody" at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). As stated, Respondent has presented documentation reflecting that Mr. Batres is no longer in DOC custody, but has instead been "released from his federal sentence on July 28, 2025 via First Step Act." (ECF No. 13-1:2). Specifically, Robert Clark, the Supervisory Consolidated Legal Center Attorney at the United States Department of Justice, Federal Bureau of Prisons (Bureau) Federal Transfer Center in Oklahoma City, has filed a declaration that "Petitioner earned 272 days of First Step Act time credit which was applied to his sentence resulting in the July 28, 2025 release." (ECF No. 13-1:2). But the fact that Petitioner is no longer in custody "does not automatically moot" his § 2241 petition, "because he was in custody at the time of filing." *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002) (citing *Spencer*, 523 U.S. at 7). To continue to

present a live case or controversy under § 2241 after being released from custody, Petitioner must allege "collateral consequences of the conviction"—i.e., "some concrete and continuing injury" "adequate to meet Article III's injury-in-fact requirement." *Lucero v. McKune*, 340 F. App'x 442, 443-44 (10th Cir. 2009) (alteration and internal quotation marks omitted).

As stated, Mr. Batres did not file a response to the Motion to Dismiss. As of this date, no response or other filing has been submitted by Petitioner and mail sent to him at his last known address filed with the Court indicating his incarceration at the Federal Transfer Center has been returned as "undeliverable." *See* ECF No. 14. Further, no continuing injury or collateral consequences of Petitioner's conviction are evident from the record before the Court. Based on the foregoing, the Court should dismiss the Petition as moot.

## IV.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Court **GRANT** Respondent's Motion to Dismiss (ECF No. 13) and dismiss the Petition as moot.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **October 10, 2025,** in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**V.      STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge.

ENTERED on September 23, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE